# UNITED STATES DISTRICT COURT

**Southern District of California**

Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101−8900
Phone: (619) 557−5600
Fax: (619) 702−9900

W. Samuel Hamrick, Jr.,
Clerk of Court

June 26, 2008

Clerk, U.S. District Court
USDC Northern District of Oklahoma
333 West Fourth Street
Tulsa, OK 74103−3819

Re: Joseph A Ellsworth v. S A Holencik, Case No. 3:08−cv−01006−IEG−AJB

Dear Sir or Madam:

Pursuant to Order transferring the above−entitled action to your District, we are electronically transmitting herewith our entire original file.

Sincerely yours,

W. Samuel Hamrick, Jr.,
Clerk of the Court

By: s/ M. Zvers, Deputy Clerk

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. ELLSWORTH,<br>Petitioner,<br>vs.<br>S.A. HOLENCIK, WARDEN, and UNITED STATES OF AMERICA,<br>Respondents. | CASE NO. 08cv1006 IEG (AJB)<br>**ORDER TRANSFERRING CASE TO NORTHERN DISTRICT OF OKLAHOMA** |

Petitioner Joseph A. Ellsworth has filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2255 and 2241. As petitioner was not convicted in the Southern District of California and is not incarcerated in this district, this Court is not the appropriate venue for such a petition.

Under 28 U.S.C. § 2255, a motion to vacate, correct, or set aside sentence must be brought in the sentencing court. 28 U.S.C. § 2255(a) & (e); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). Petitioner was convicted and sentenced in the Northern District of Oklahoma in case number 99-cr-95 HCR. (Petition at 1.) A motion brought under 28 U.S.C. § 2241, which attacks the manner or conditions of the sentence's execution, is properly brought in the custodial court.[1] Harrison, 519 F.3d at 956. In this case, the custodial court is the Central District of California, whose territorial

[1] A petition attacking the validity of a sentence may also be brought under Section 2241 under the "escape hatch" of Section 2255(e) if that section provides an "inadequate or ineffective" remedy. Petitioner makes no argument and raises no facts suggesting his petition implicates this exception. See 28 U.S.C. § 2255(e); Harrison, 519 F.3d at 959.

jurisdiction includes the Federal Correctional Institution Victorville in Adelanto, California, where petitioner is currently incarcerated. (Petition at 1.)

Accordingly, the Court must review the petition to determine whether is it properly characterized as a petition under Section 2255 or 2241. The petition asserts several grounds for vacating petitioner's conviction. Petitioner alleges he is factually innocent of the crime, that his guilty plea was coerced through torture, that the prosecution committed misconduct, that he received ineffective assistance of counsel, and that his federal sentence was mistakenly imposed consecutively to his state sentence. (Petition at 3-9.) These grounds do not pertain to the "manner, location, or conditions of a sentence's execution," but rather the allegations relate to grounds for vacating or setting aside a sentence. Accordingly, the petition is properly characterized as arising under 28 U.S.C. § 2255 and thus venue is proper in the Northern District of Oklahoma.

For the foregoing reasons, the Court hereby ORDERS this case transferred to the Northern District of Oklahoma pursuant to 28 U.S.C. § 1406(a) (authorizing district courts to transfer cases to district which is the proper venue).

**DATED: June 26, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**